**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:15-cv-21826-KMM

SYDNEY CHARLES,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE IN TRUST FOR
REGISTERED HOLDERS OF LONG BEACH
MORTGAGE LOAN TRUST 2006-7 ASSET-
BACKED CERTIFICATES SERIES 2006-7 and
SELECT PORTFOLIO SERVICING, INC.,

    Defendants.
_____/

**<u>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS</u>**

This cause is before the Court on the Motion to Dismiss [D.E. 12] of Defendants Deutsche Bank National Trust Company as Trustee in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2006-7 Asset-Backed Certificates Series 2006-7("Deutsche Bank") and Select Portfolio Servicing, Inc. ("SPS," and together with Deutsche Bank, the "Defendants").  For the reasons explained below, the motion is granted.

**I.      BACKGROUND**

This action arises from the alleged failure of Defendant Deutsche Bank, the owner of a mortgage on the Plaintiff's residence, and Defendant SPS, the servicer of that mortgage, to comply with the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"); the Real Estate Settlement Procedures Act, 12 U.S.C § 2601 *et seq*. ("RESPA"); the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). [D.E. 1 ¶ 1].

The Complaint alleges as follows. The Plaintiff obtained a loan in the original principal amount of $250,750, which was secured by a mortgage on the Plaintiff's residence (the "Property"). [D.E. 1-6 at 14–32]. The Plaintiff defaulted on the Loan. Upon default, Deutsche Bank filed a foreclosure action against the Plaintiff.

After taking over the servicing of the mortgage, SPS hired a third-party, Safeguard Properties, LLC ("Safeguard"), to perform inspections on the Property. [D.E. 1 ¶ 47]. Safeguard charged SPS $12 per inspection, and SPS in turn charged the Plaintiff $15 for each inspection. [*Id*. ¶¶ 48–50]. According to the Plaintiff, the result was an unlawful overcharge of $3 to the mortgage loan for each inspection, which then accrued unlawful interest at the note rate. [*Id*. ¶ 52].

The Plaintiff sent SPS a request for information ("RFI"). One of the requests was for "[c]opies of all property inspection reports for the mortgage loan identified herein during the last six (6) months, the digital photographs associated with each report, the invoice associated with each report, and proof of payment of each invoice." [*Id*. ¶ 43]. Dissatisfied with the information received, the Plaintiff sent SPS a follow-up request. [*Id*. ¶ 57]. SPS responded that "[s]ome of the documents requested will not be provided as they are not specific to the servicing of the mortgage or are proprietary . . . ." [*Id*. ¶ 61].

After not receiving the documentation requested, the Plaintiff filed this action. The Plaintiff alleges that the Defendants violated (1) the TILA by failing to provide an accurate payoff statement upon request; (2) the RESPA by failing to provide a sufficient and adequate

2

response to the RFI; and (3) the FDCPA and FCCPA through their illegal profit scheme. [*Id.* ¶¶ 79–112].

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). It must also contain enough facts to suggest the required elements of a cause of action. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. When considering a motion to dismiss, the court must accept all of the plaintiff's allegations as true in determining whether the plaintiff has stated a claim for relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## III.  DISCUSSION

The Defendants move to dismiss this action with prejudice under Rule 12(b)(6). The Defendants argue that they are entitled to dismissal because the Plaintiff failed to comply with the mortgage's pre-suit notice and cure provisions before commencing this action. The Plaintiff counters that his claims are not barred because (1) the Defendants' pre-suit argument is outside the four corners of the Complaint and, at best, is an affirmative defense to this action; and (2) SPS is not entitled to enforce the notice and cure provision as a non-party to the mortgage.

In support of dismissal, the Defendants rely on paragraph 20 of the mortgage:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or a member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the

3

>     other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

[D.E. 1-6 at 29]. The Defendants maintain that because the Plaintiff fails to allege that he provided notice of the improper inspection fees before filing suit, the Complaint should be dismissed.

The notice and cure provision of a mortgage bars a plaintiff's claims where it "applies by its terms to [the] action." *St. Breux v. U.S. Bank, Nat. Ass'n,* 919 F. Supp. 2d 1371 (S.D. Fla. 2013); *see also Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001) (holding that a claim "relates to" a contract when "the dispute occurs as a fairly direct result of the performance of contractual duties"). Thus, to determine whether the notice and cure provisions of the mortgage bar this action, the Court must decide whether the action "arises from the [Defendants'] actions pursuant to [the mortgage]," or if the Defendants "breached any provision of, or any duty owed by reason of" the mortgage.

The Court finds that mortgage's pre-suit notice and cure provisions apply in this case. The Plaintiff alleges that he was unlawfully overcharged for each property inspection. This alleged scheme, together with the Defendants' failure to comply with the Plaintiff's RFI, which sought information relating to the scheme, forms the basis of this action. The property inspections, then, are at the heart of the Plaintiff's suit. In that way, the Plaintiff's claims directly implicate paragraph 9 of the mortgage, which authorizes the Defendants to inspect the Property. [D.E. 1-6 at 24] (authorizing the Defendants' to "do and pay for whatever is reasonable or appropriate to protect the Lender's interests in the Property and rights under [the mortgage], including protecting and/or assessing the value of the Property. . . ."). Indeed, but-for paragraph 9 of the mortgage, the Defendants would not have inspected the Property. Thus,

regardless of the causes of action alleged, the Plaintiff's claims are based entirely on the mortgage, arising from conduct done pursuant to the mortgage. Accordingly, the Plaintiff's failure to provide notice and an opportunity to cure requires dismissal of the Complaint.

Several courts have reached this same conclusion. *See, e.g.*, *Hill v. Nationstar Mortgage LLC*, No. 1560106-CIV, 2015 WL 4478061 (S.D. Fla. July 6, 2015) (granting servicer's motion to dismiss based on notice and cure provision); *see also Niyaz v. Bank of Am.,* No. 1:10cv796, 2011 WL 63655, at *2 (E.D. Va. Jan. 3, 2011) (granting summary judgment in mortgage lender's favor on plaintiff's National Housing Act claim pursuant to an identical notice and cure provision on the grounds that "all of plaintiff's allegations arose from actions taken pursuant to the Deed of Trust"); *Johnson v. Countrywide Home Loans, Inc.,* No. 1:10cv1018, 2010 WL 5138392, at *2 (E.D. Va. Dec. 10, 2010) (granting defendant's motion to dismiss plaintiff's TILA, RESPA, FDCPA, and Fair Credit Reporting Act claims pursuant to an identical notice and cure provision on the grounds that "all of Plaintiff's allegations arise from actions taken pursuant to the Deed of Trust."). So, for example, in *Hill v. Nationstar Mortgage LLC*, a case with strikingly similar facts, a group of homeowners brought a class action against a loan servicer and its affiliate alleging that the homeowners, whose mortgage loans were in default, were wrongfully charged for excessively frequent and unnecessary property inspections. *Id. at* *1. Relying on mortgage provisions identical to the ones in this case, the court dismissed the homeowners' complaint: *Id*.

> the Plaintiffs' allegations of charging too much for each inspection, of inspecting too frequently, and of inspecting without reason to do so are all based upon their contentions that Defendants violated Paragraph 9 of the mortgage contracts, which grant Defendants the right to "do and pay for whatever is reasonable or appropriate to protect the Lender's interests in the Property and rights under [the mortgage agreement] including protecting and/or assessing the value of the Property . . . ." Thus, regardless of the cause of actions alleged, the Homeowners' claims are entirely based on their mortgage contracts, specifically Paragraph 9 . . .

5

> . Accordingly, the Homeowners' failure to provide notice and an opportunity to cure requires dismissal without prejudice of their claims.

*Id*. at *3.

The Court rejects the Plaintiff's argument that the Defendants' pre-suit notice argument is outside the four corners of the Complaint.  In general, if the district court considers matters outside the pleadings in adjudicating a Rule 12(b)(6) motion, the motion is converted into a motion for summary judgment.  *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002); *see also* Fed. R. Civ. P. 12(d).  However, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," and may be considered in ruling on a Rule 12(b)(6) motion "if it is central to the plaintiff's claims and is undisputed in terms of authenticity."  *Sheppard v. Bank of Am., NA*, 542 F. App'x 789, 790–91 (11th Cir. 2013) (internal citations omitted).  Here, the mortgage was attached to the Complaint; it underlies and is therefore central to the Plaintiff's claims; and its authenticity is undisputed.  Hence the Court is well within its right to consider the mortgage without converting the Defendants' motion to dismiss into a motion for summary judgment.  *See, e.g.*, *id*. at 791 ("In addressing the Bank Defendants' Rule 12(b)(6) motion, the district court's consideration of the documents attached to the Complaint—in particular, Sheppard's underlying promissory note (Note) and an April 2008 notice regarding changes to her interest rate and repayment amount (Notice)—did not convert the Bank Defendants' motion to dismiss into a motion for summary judgment, as both the Note and Notice were central to Sheppard's claims and their authenticity was undisputed.").

The Court also rejects the Plaintiff's contention that SPS, as a non-party to the mortgage, cannot enforce the mortgage's pre-suit notice and cure provision.  The Plaintiff relies on *Hamid v. Ocwen Loan Servicing, LLC*, No. 13-62821-CIV, 2014 WL 766659 (S.D. Fla. Feb. 26, 2014),

6

where the court refused to allow a non-party servicer to enforce the jury trial waiver in a mortgage:

> Specifically, Plaintiff argues that because Defendant Ocwen is a non-party the Mortgage, it cannot enforce the Waiver therein. Plaintiff points to two similar cases in support of his argument. In both of these actions, the District Court for the Southern District of Florida enforced a jury-trial waiver contained in a mortgage against the lender, but refused to enforce said waiver against the loan servicer. In each case, the District Court found that the loan servicers could not enforce the jury trial waivers because they were non-parties to the mortgages. The Court agrees and will, therefore, deny Defendant Ocwen Loan Servicing, LLC's, Motion To Strike Jury Trial Demand . . . .

*Id*. at *1 (internal citations omitted). But *Hamid*, and the cases it relies on, are distinguishable. As the court in *Hamilton v. Sheridan Healthcorp, Inc.*, No. 13-62008-CIV, 2014 WL 537343 (S.D. Fla. Feb. 11, 2014), explained:

> Generally, only parties to a contract may enforce its jury trial waiver. However, an exception to the rule exists for the agents of a party to a contract. Where a principal has signed a contract containing a jury waiver clause, its employees and agents may also enforce the waiver with regard to claims arising from acts taken within the scope of their employment or agency.

*Id*. at *3 (internal citations omitted). Here, like in *Hamilton*, the Plaintiff alleges that SPS was hired to service the loan owned by Deutsche Bank, and that SPS is an employee and agent of Deutsche Bank. [D.E. 1 ¶¶ 15–16, 74]. The Complaint is replete with allegations that SPS performed the property inspections, responded to the Plaintiff's RFI, and issued the payoff statement in the course of this agency relationship. Per *Hamilton*, then, since SPS would be able to enforce the mortgage's jury trial waiver given its relationship with Deutsche Bank,[1] by extension, SPS can also enforce the mortgage's notice and cure provision.

At least one other court in this district has allowed a mortgage servicer, like SPS, to enforce the notice and cure provision of a mortgage. *See Hill*, 2015 WL 4478061 (discussed

---

[1] In fact, currently pending before the Court is the Defendants' Motion to Strike Plaintiff's Demand for Jury Trial, where SPS, together with Deutsche Bank, seek to enforce the mortgage's jury trial waiver provision. [D.E. 22].

above). Other courts, moreover, have permitted services to enforce other mortgage provisions. *See, e.g.*, *Ferraro v. Wells Fargo N.A.*, No. 2:13-CV-632-FTM-38, 2013 WL 5357109, at *1 (M.D. Fla. Sept. 24, 2013) (finding that jury trial waiver provision applied despite uncertainty whether defendant was servicer or owner of loan); *Paschette v. Wells Fargo Bank, N.A.*, No. 6:11–cv–442–Orl–31 GJK, 2011 WL 2470314, at *4–5 (M.D. Fla. June 21, 2011) (finding that servicer could assert the jury trial waiver provision in an action involving alleged TILA, RESPA, and FCCPA violations).

In sum, because the Plaintiff fails to allege compliance with the mortgage's pre-suit notice and cure requirements, the Court must dismiss this case.

## IV. CONCLUSION

For the foregoing reasons, it is ordered and adjudged that the Defendants' Motion to Dismiss [D.E. 12] is granted in part. Although the Defendants request dismissal of this case with prejudice, the Court will dismiss it without prejudice.

The Clerk of Court is instructed to close this case. All pending motions, if any, are denied as moot.

Done and ordered in Chambers at Miami, Florida, this 14th day of March, 2016.

                                                K. MICHAEL MOORE
                                                CHIEF UNITED STATES DISTRICT JUDGE

c:      Counsel of record